06/17/2026

FILED

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

    v.

NATIONAL CENTER FOR MISSING
& EXPLOITED CHILDREN; and
KATIE HALL,

    *Defendants.*

Case No. 1:26-cv-01341-MSN-WBP

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

The motion should be denied. It does not test the sufficiency of the complaint. It asks the Court to decide contested facts for the movants at the pleading stage, and it asks the Court to do so by contradicting a fact the motion itself confirms.

The complaint pleads two claims, defamation per se and defamation by implication, and rests them on a single fact: no subpoena was served on NCMEC. (Compl. ¶ 3; Facts § B.) The motion confirms that fact. Defendants state that NCMEC "did not await formal service" (Mem. 2) and that it responded "without forcing Plaintiff to formally serve the subpoenas" (Mem. 7). Each of the three grounds for dismissal—absolute litigation privilege, statutory immunity under 18 U.S.C. § 2258D, and substantial truth—requires the opposite of that conceded fact, and the Court may not supply it on a Rule 12(b)(6) motion.

To reach dismissal, the motion asks the Court to make a series of substitutions the pleadings do not support. It treats an unserved notice of intended service as a served subpoena. It treats a voluntary non-party letter as compelled process. It treats the challenged letters as proof of their

own truth. And it substitutes a paraphrase—"reports relating to the terms identified by Plaintiff" (Mem. 8 n.3)—for the word the letters actually published, "concerning." Each substitution requires a fact outside the complaint; the first contradicts the premise the motion confirms.

The motion does not consistently state even the date of the document on which its service-and-waiver theory depends, dating the same correspondence both "(9/9/26)" and April 9, 2026 on a single page. (Mem. 2.) That is the document the April 22 letters identify as "a subpoena issued April 9, 2026." The motion nonetheless asks the Court to resolve service, waiver, compulsion, privilege, and truth from that document, and to resolve each question against the non-movant. Rule 12 does not permit it.

**ISSUES TO BE DECIDED**

1. Whether dismissal may rest on characterizing the April 22, 2026 letters as subpoena responses, where the complaint alleges that no subpoena was served and the motion confirms that NCMEC did not await formal service.

2. Whether the motion's reliance on Exhibit C, on "routine waiver" of subpoena service, on the existence and contents of the asserted reports, and on the statutory purpose of the letters depends on matters outside the pleadings that must be excluded or, if not excluded, treated under Rule 12(d).

3. Whether the Court may take judicial notice that parties routinely waive formal service of subpoenas and, on that basis, infer waiver and compulsion against Plaintiff.

4. Whether absolute litigation privilege attaches, on the pleadings, to a voluntary letter issued by a non-party before any subpoena, return of service, or court order, where Defendants' authorities each presuppose operative process.

5. Whether statutory immunity under 18 U.S.C. § 2258D attaches where the pleaded wrong is Hall's voluntary procedural representation in legal correspondence rather than the performance of any CyberTipline function, and whether, even if immunity attached, the exceptions in § 2258D(b) defeat it on the pleadings.

6. Whether the letters are reasonably capable of defamatory meaning, where NCMEC stated that it received two CyberTipline reports "concerning" Plaintiff's full legal name.

7. Whether substantial truth may be decided at Rule 12 by treating the letters as proof that the reports concern Plaintiff personally, where the letters identify no report number, date, provider, matched identifier, content basis, or referral status, and whether Defendants may substitute "reports relating to terms identified by Plaintiff" for the published "reports concerning" Plaintiff.

8. Whether, if the Court identifies any deficiency in the complaint, leave to amend should be granted under Rule 15(a)(2) rather than dismissal entered with prejudice.

**STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, the Court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). This is the same standard Defendants recite, and it governs every characterization in their motion.

An affirmative defense—including absolute litigation privilege and statutory immunity—supports dismissal under Rule 12(b)(6) only when all facts necessary to the defense appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). Defendants must therefore establish each defense from the complaint alone, and the complaint pleads the opposite of what each defense requires.

A document not attached to the complaint may be considered without converting the motion only if it is integral to and explicitly relied upon in the complaint and its authenticity is unchallenged; even then, a document offered for the truth of its contents, on which the plaintiff did not rely for its truth, is not credited as true, and a document prepared to advance a party's litigation position may not be used to resolve contested facts against the non-movant. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–67 (4th Cir. 2016). Judicial notice is confined to facts not subject to reasonable dispute and to matters of public record, and may not be used to consider matters beyond the pleadings or to resolve disputed facts against the non-movant. Fed. R. Evid. 201(b); *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508–09, 511 (4th Cir. 2015). If matters outside the pleadings are presented and not excluded, the motion must be treated as one for summary judgment and all parties given a reasonable opportunity to present pertinent

material, Fed. R. Civ. P. 12(d), and a party that cannot present facts essential to its opposition may obtain deferral, denial, or a discovery continuance, Fed. R. Civ. P. 56(d).

**ARGUMENT**

**I.** ***THE MOTION DEPENDS ON DISPUTED MATTERS OUTSIDE THE PLEADINGS THAT MUST BE EXCLUDED OR TREATED UNDER RULE 12(d).***

The motion contradicts the no-service fact its own text confirms and rests on materials and inferences the Court cannot consider on a Rule 12(b)(6) motion. The Court should resolve the motion on the pleadings and deny it. Conversion to summary judgment is the disfavored alternative and, if reached, requires a Rule 56(d) opportunity for discovery before any merits ruling.

**A.** **The motion confirms the pleaded no-service fact.**

The complaint alleges that no subpoena was served on NCMEC in connection with Plaintiff and that no process server delivered a subpoena, no court order required the letters, and no return of service, certificate of service, or process-server affidavit existed before the letters issued. (Compl. ¶ 3; Facts § B.) The motion confirms the same fact. Defendants state that NCMEC "did not await formal service" (Mem. 2) and that NCMEC "respond[ed] … without forcing Plaintiff to formally serve the subpoenas" (Mem. 7). On a Rule 12(b)(6) motion the allegation is taken as true; Defendants' own description matches it.

**B.** **The April 22 letters are properly before the Court; Exhibit C is not usable for Defendants' truth-based purpose.**

The two April 22, 2026 letters (Exhibits A and B) are properly considered. They are the operative writing, are quoted in and integral to the complaint, and their authenticity is unchallenged. *Goines*, 822 F.3d at 166. Exhibit C—Plaintiff's April 9, 2026 notice and the draft subpoenas that were never served on NCMEC—stands differently, for three independent reasons.

First, Exhibit C is not integral to the complaint. The claims rest on the April 22 letters and the absence of served process, not on Plaintiff's April 9 notice. Defendants introduce Exhibit C to support an affirmative defense, not because the complaint relies on it. A document a defendant supplies to establish a defense is not integral to the complaint. *Goines*, 822 F.3d at 166–67.

Second, even if Exhibit C is treated as before the Court, its contents are not credited for their truth, and it may not be used to resolve contested facts against Plaintiff. *Id.* at 167. The motion's characterizations—that Plaintiff "sent subpoenas" and that NCMEC "responded to the subpoenas precisely in the manner instructed" (Mem. 3), and that NCMEC "responded to what appeared to be otherwise valid subpoenas" (Mem. 7)—are the contested inferences *Goines* forbids drawing for the movant. This defeats the motion's factual premise even if Exhibit C is deemed before the Court.

Third, Exhibit C's own text confirms Plaintiff's position. The motion describes the document as captioned "Advanced Notice of Intended Subpoenas" and as advising of Plaintiff's intention to serve subpoenas "after the notice period has run" (Mem. 2)—intended, future, unconsummated service, which is the opposite of service. The motion does not consistently identify even the date of this document: it dates the same correspondence "(9/9/26)" at one point and April 9, 2026 elsewhere (Mem. 2). The April 22 letters represent that they respond to "a subpoena issued April 9, 2026," so the date of the document Defendants characterize as the predicate for that response is not a peripheral detail in their own theory.

C. **The Court should not take judicial notice of "routine waiver" of subpoena service.**

The motion asks the Court to take judicial notice that parties "routinely waive formal service of subpoenas" (Mem. 6). Whether parties routinely waive service, and whether NCMEC

was under any compulsion, are propositions subject to reasonable dispute and are not matters of public record. They may not be noticed under Fed. R. Evid. 201(b), and judicial notice may not be used as an expedient to reach matters beyond the pleadings or to resolve disputed facts against the non-movant. *Goldfarb*, 791 F.3d at 508–09. The motion's own framing—that a "failure to serve is not a prohibition against response; it simply means that compliance may not be compelled" (Mem. 6)—concedes that no compulsion existed.

Defendants' date inconsistency illustrates the broader problem with the request. The motion does not consistently state even the date of the correspondence on which its service and waiver theory depends, dating it "(9/9/26)" in one place and April 9, 2026 in another (Mem. 2). The point is not that the inconsistency itself resolves anything; it is that the motion asks the Court to resolve disputed questions of service, waiver, compulsion, and privilege from Defendants' characterization of extra-pleading materials. Rule 201(b) does not permit judicial notice of those disputed inferences. *Goldfarb*, 791 F.3d at 508–09.

**D.      Relief.**

The Court should exclude Defendants' truth-based use of Exhibit C and deny the judicial-notice request, and deny the motion on the pleadings. In the alternative, if the Court credits the extra-pleading characterizations, it must treat the motion as one for summary judgment under Rule 12(d) and grant Plaintiff a continuance under Rule 56(d), on the accompanying Declaration, to obtain the identified discovery before any merits ruling.

**II.      *ABSOLUTE LITIGATION PRIVILEGE DOES NOT ATTACH ON THE PLEADINGS.***

Absolute litigation privilege does not attach, as a matter of law, to a voluntary letter issued by a non-party before any subpoena was served, not filed in or transmitted through any proceeding,

and sent to a commercial mail-receiving agency. The privilege presupposes a proceeding nexus; it does not create one. As an affirmative defense, it supports dismissal only if established on the face of the complaint, and the complaint establishes the opposite.

### A. Privilege is an affirmative defense that must appear on the face of the complaint.

Litigation privilege supports dismissal only when every fact it requires appears on the face of the complaint. *Goodman*, 494 F.3d at 464; *Forst*, 4 F.3d at 250. The complaint pleads no service, no court order, no return of service, NCMEC's non-party status in the Florida actions, and transmission to a commercial mailbox rather than to the clerk or counsel of record. (Compl. ¶ 3; Facts §§ B, E.) The defense is not established on the face of the complaint.

### B. The privilege presupposes an operative proceeding; none existed here.

The privilege is grounded in the safeguards of the judicial process and protects communications "material, relevant or pertinent" to a proceeding. *Mansfield v. Bernabei*, 284 Va. 116, 125, 727 S.E.2d 69, 75 (2012). The letters were not filed in any court, not served through any proceeding, not compelled by Rule 45, not transmitted pursuant to operative process, and not required by any court order. (Compl. ¶ 3; Facts §§ B, E.) *A voluntary non-party letter that announces it responds to process that did not exist carries none of the safeguards the privilege presupposes and is tied to no operative proceeding.*

Virginia does not extend the privilege to merely potential litigation. *Lindeman v. Lesnick*, 268 Va. 532, 537–38, 604 S.E.2d 55, 56–58 (2004). NCMEC's position is further removed than the defendant's in *Lindeman*, because NCMEC contemplated no proceeding of its own.

### C. The preliminary-communication branch fails on its own elements.

To the extent Defendants invoke the privilege for communications preliminary to a proceeding, that branch fails on its own terms. *Mansfield* adopted Restatement (Second) of Torts §§ 586 and 587, with the requirements that disclosure be made only to interested persons and that the proceeding be contemplated in good faith and under serious consideration. *Id.* at 125, 727 S.E.2d at 75. Section 586 addresses attorneys and § 587 addresses parties; NCMEC was not a party in the Florida actions, Hall was not counsel of record in those actions, and no operative subpoena made NCMEC a witness or responding non-party before the letters issued. Independently, the letters were disclosed to commercial mail-processing employees with no interest in the Florida actions. (Facts § E.) Good-faith contemplation of a proceeding and disclosure only to interested persons are, at minimum, contested fact questions unsuitable for resolution at Rule 12.

**D.      Defendants' authorities each presuppose operative process and are distinguishable.**

Each privilege case the motion relies on involved a communication compelled by or made within operative process—an actually served subpoena or an operative official inquiry—which the pleaded facts and the motion's confirmation place outside this case. *Fields v. Sprint Corp.*, 2017 U.S. Dist. LEXIS 147654 (E.D. Va. 2017) (response to a police investigation); *U.S. Dep't of Educ. v. NCAA*, 481 F.3d 936, 939 (7th Cir. 2007) (response to a subpoena); *Parrino v. SunGard Availability Servs. LP*, 2012 U.S. Dist. LEXIS 32137 (E.D.N.Y. 2012) (New York law; response to a subpoena); *Willis v. Centennial Mortg. & Funding, Inc.*, 2004 U.S. Dist. LEXIS 18666 (D. Minn. 2004) (response to a subpoena); *Farooq v. Std. Chtd. Bank*, 2026 U.S. Dist. LEXIS 10392 (E.D. Tex. 2026) (Texas law; response to a subpoena); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 574 n.4 (3d Cir. 1980) (disclosure of records in response to a subpoena). Here no subpoena was served and no proceeding was operative against NCMEC.

Five of the six are non-binding: the Seventh Circuit, the District of Minnesota, the Eastern District of New York applying New York law, the Eastern District of Texas applying Texas law, and the Third Circuit. The motion identifies no controlling Fourth Circuit or Virginia holding extending the privilege to subpoena responses. (Mem. 5.) *Donohoe Constr. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 369 S.E.2d 857 (1988), stands only for the proposition that the privilege reaches words relevant and pertinent to a judicial proceeding; the proceeding nexus that proposition presupposes is absent here.

### III.    SECTION 2258D IMMUNITY CANNOT BE RESOLVED AT RULE 12.

Defendants do not establish § 2258D immunity from the complaint; they ask the Court to infer it from their own characterization of Hall's voluntary legal correspondence as CyberTipline-function activity. Immunity does not attach to the pleaded wrong; the function characterization is a contested inference barred at Rule 12; and, even if immunity attached, the statute's exceptions are supported by pleaded fact.

**A.    Immunity does not attach, because the pleaded wrong is not a CyberTipline function.**

Section 2258D(a) confers immunity from a claim "arising from the performance of the CyberTipline responsibilities or functions" of NCMEC. 18 U.S.C. § 2258D(a). The complaint does not challenge NCMEC's receipt, maintenance, or referral of reports. It challenges Hall's voluntary, false procedural representation, in legal correspondence, that the letter answered served compulsory process that did not exist, and her uncompelled linkage of Plaintiff's name to those reports. (Facts §§ B, D; Counts I–II.) Section 2258D(c) provides that immunity does not apply to "ordinary business activity, including general administration or operations." 18 U.S.C. § 2258D(c). On the pleaded facts, issuing legal correspondence about claimed process is general administration

rather than the performance of a reporting function. On the pleadings, immunity therefore does not attach; the question is not merely whether an exception applies.

### B. The function characterization is a contested inference barred at Rule 12.

Whether the letters are a reporting-function communication or administrative correspondence is a contested characterization. To bring the letters within § 2258D(a), Defendants need a defendant-favorable inference, and Rule 12 forbids drawing it. *Goines*, 822 F.3d at 167. The Court may not resolve the characterization for the movant.

### C. Even if immunity attached, the pleaded exceptions defeat it.

Section 2258D(b) withdraws immunity for "intentional misconduct" (§ 2258D(b)(1)) and for conduct engaged in "with actual malice," "with reckless disregard to a substantial risk of causing injury without legal justification," or "for a purpose unrelated to the performance of any responsibility or function" under § 2258D, § 2258A, or Section 404 of the Missing Children's Assistance Act (§ 2258D(b)(2)). The exceptions are pleaded as fact, not as labels. Hall, the corporate counsel responsible for legal correspondence and with access to NCMEC's intake records, voluntarily issued the letters imputing apparent violation of the child-exploitation statutes, under no compulsion, while characterizing the letters as a response to a subpoena that had never been served. (Facts §§ B, D; Counts I–II.) Knowledge or reckless disregard is a reasonable inference from the voluntariness of issuance and the false-subpoena predicate. A qualified immunity whose statutory exceptions are supported by pleaded fact cannot be resolved on the pleadings.

The term "actual malice" in § 2258D(b)(2) is a statutory-immunity exception and is distinct from the defamation fault standard addressed in Part V. The § 2258D(b)(2) usage concerns the loss of statutory immunity; the Part V standard concerns the fault element of the defamation claims.

They are not interchangeable, and the analysis here does not depend on the defamation fault standard.

**D.     The motion offers no permissible adverse-inference shortcut.**

The motion asserts that "no facts" support the exceptions (Mem. 7). That assertion ignores the pleaded predicate and asks the Court to credit NCMEC's account of its own state of mind—the opposite of the Rule 12 posture. The letters' docket-keying to specific Florida case numbers (Facts §§ A–B) bears on purpose and reinforces that the exceptions are supported by pleaded fact rather than by label.

Section 2258D is sparsely litigated. This Part rests on the statutory text and the Rule 12 standard, including the rule that an affirmative defense must appear on the face of the complaint, *Goodman*, 494 F.3d at 464, and the rule that contested inferences may not be drawn for the movant, *Goines*, 822 F.3d at 167.

**IV.     *THE LETTERS ARE CAPABLE OF DEFAMATORY MEANING.***

As a matter of law, a statement by NCMEC that it holds two CyberTipline reports "concerning" Plaintiff's full legal name is reasonably capable of conveying that Plaintiff is the subject of suspected child-exploitation conduct.

**A.     Inferences run to Plaintiff on the gatekeeping question.**

On whether words are reasonably capable of the meaning ascribed, every fair inference is resolved in the plaintiff's favor, and the question is whether the meaning could be conveyed. *Pendleton v. Newsome*, 290 Va. 162, 172–74, 772 S.E.2d 759, 763–65 (2015). Whether a statement is reasonably capable of a defamatory meaning is a question of law for the Court's gatekeeping determination. *Webb v. Virginian-Pilot Media Cos.*, 287 Va. 84, 88–90, 752 S.E.2d 808, 811

(2014); *Schaecher v. Bouffault*, 290 Va. 83, 91–92, 772 S.E.2d 589, 594–95 (2015); *Handberg v. Goldberg*, 297 Va. 660, 831 S.E.2d 700 (2019).

**B.      Context supplies the defamatory meaning.**

Context is part of the analysis. *Pendleton*, 290 Va. at 172–74, 772 S.E.2d at 763–65. Under 18 U.S.C. § 2258A, a CyberTipline report is triggered when an electronic service provider obtains actual knowledge of facts or circumstances from which there is an apparent violation of enumerated child-exploitation statutes, including 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, and 2422(b). (Facts § D.) The identity of NCMEC as the reporting clearinghouse converts the statement that it received "two (2) CyberTipline reports concerning" Plaintiff into an imputation that Plaintiff is the subject of suspected child-exploitation conduct. The letter uses the verb "concerning." (Compl. ¶¶ 60–61.)

**C.      The statement has a provably false factual connotation; it is not opinion.**

An actionable statement must have a provably false factual connotation. *Schaecher, 290 Va. at 91–92, 772 S.E.2d at 594–95*; *Handberg*, 297 Va. 660, 831 S.E.2d 700. A representation that reports concerning Plaintiff exist is verifiable fact, not protected opinion. *Schaecher* is distinguishable on its facts: there the imputed conduct was a regulatory or zoning violation that the court held lacked the sting of a reprehensible crime, whereas the imputed conduct here is a child-exploitation offense—a crime of moral turpitude—which carries the requisite sting.

**D.      The imputation is defamatory per se.**

Imputation of a crime of moral turpitude is defamatory per se, and the enumerated § 2258A offenses qualify. (Compl. ¶ 61; Counts I–II.)

### V. FALSITY IS PLEADED, AND SUBSTANTIAL TRUTH CANNOT BE DECIDED AT RULE 12.

The pleaded falsity is the imputation that the reports concern Plaintiff personally in the § 2258A sense, not the bare existence of reports. Plaintiff need not plead that no record entry exists in NCMEC's files, and Defendants cannot establish substantial truth from the face of the letters.

**A. The pleaded falsity is the imputation, not the bare existence of reports.**

The false statement is not "two reports exist." It is the imputation conveyed by linking Plaintiff's full legal name to two CyberTipline reports under the § 2258A framework—that the reports concern Plaintiff personally and arise from apparent child-exploitation conduct. That imputation is pleaded false. (Compl. ¶ 62.)

**B. The motion applies the wrong fault standard to NCMEC.**

The motion contends that Plaintiff "does not allege that the factual representation … is inaccurate" and that this is "fatal to any defamation claim" (Mem. 8). The contention misidentifies the false statement and applies the wrong fault standard. The complaint pleads the imputation false. (Compl. ¶ 62; Facts § D; Counts I–II.) For a private-figure plaintiff, the fault standard as to NCMEC is negligence: the plaintiff recovers on proof of falsity and that the defendant either knew the statement to be false or, believing it true, lacked reasonable grounds for that belief. *Gazette, Inc. v. Harris*, 229 Va. 1, 15 (1985). The motion's demand that Plaintiff allege NCMEC "knew" the statement false imports the actual-malice standard into the element analysis and applies the wrong standard to NCMEC at the pleading stage.

**C. Quoting the writing does not admit its truth.**

A libel plaintiff who quotes the challenged writing does not thereby admit the truth of its contents. *Goines*, 822 F.3d at 167. The letters' assertion that two reports "concern" Plaintiff cannot

be treated as established fact at Rule 12 merely because the complaint quotes the letters. Treating the quoted writing as true is the only way the truth defense functions, and *Goines* forecloses it.

**D.     Truth is contested on the face of the letters and cannot be resolved at this stage.**

The content defects mean the letters establish no report number, date, provider, matched identifier, single-person identity, or disambiguation. The letter identifies no report number, report date, or reporting electronic service provider; does not state that Meta Platforms, Inc. submitted either report or that either report concerned Plaintiff's Facebook account; links the three identifiers in the disjunctive using "and/or" without establishing that any single identifier corresponds to either report; and includes no certification under Fed. R. Evid. 902(11) or 902(12) and no statement that any disambiguation established that a report associated with "Jay Ballentine" concerned Plaintiff rather than another person. (Compl. ¶¶ 51–53; Facts § C.) Whether the reports "concern Plaintiff" at all is therefore disputed and cannot be resolved without facts outside the pleadings. Truth is assessed in context and cannot be resolved at the pleading stage where the context is contested. *Pendleton*, 290 Va. at 172–74, 772 S.E.2d at 763–65.

**E.     Defendants must be held to the words actually published.**

The motion retreats from the published verb "concerning" to a paraphrase: it states that NCMEC "responded that there were two reports relating to the terms identified by Plaintiff" (Mem. 8 n.3) and that "All NCMEC stated was that it had received two CyberTipline reports relating to the search terms provided by Plaintiff" (Mem. 9). The analysis proceeds on the words actually used, and meaning may not be altered by paraphrase. *Pendleton*, 290 Va. at 172–74, 772 S.E.2d at 763–65; *Webb*, 287 Va. at 88–90, 752 S.E.2d at 811; *Carwile v. Richmond Newspapers, Inc.*, 196

Va. 1, 8, 82 S.E.2d 588, 592 (1954). The published word is "concerning." Defendants' substituted phrasing is not the statement at issue.

**F.        Defamation by implication is adequately pleaded.**

Virginia recognizes defamation by implication. *Pendleton*, 290 Va. at 172–74, 772 S.E.2d at 763–65. Where the claim rests on an implication, the plaintiff must show both that the language is reasonably capable of the defamatory innuendo and that the defendant intended to convey it. The complaint satisfies that requirement: the circumstances support a reasonable inference that Hall intended the letters to convey that the reports concerned Plaintiff personally. (Counts I–II.) This case is not limited to the literally-true scenario, because whether the underlying implication— that the reports concern Plaintiff—is even true is itself contested on the face of the letters.

**G.        Dangerfield is distinguishable.**

In *Dangerfield v. WAVY Broad., Inc.*, 228 F. Supp. 3d 696, 701–02 (E.D. Va. 2017), the broadcast accurately reported an accusation already of record, and the plaintiff sought to extend the report of an accusation into a direct charge. Here there is no accurate underlying public record being reported; the letters originate the imputation by linking Plaintiff's name to clearinghouse reports without the report number, date, submitter, matched identifier, content basis, or referral status that would make the link true. The separate report of an arrest in *Dangerfield* was conceded to be inaccurate. *Id.* at 704. That underscores that accuracy was the controlling distinction there and is absent here.

**CONCLUSION**

Reduced to what it requires of the Court, the motion asks this Court, at the pleading stage, to:

1. disregard the allegation that no subpoena was served—an allegation the motion itself confirms;

2. recharacterize an unserved notice of intended service as served compulsory process, and a voluntary non-party letter as a communication compelled by or made within a judicial proceeding;

3. credit Exhibit C, a document Defendants supplied to establish their defenses, for the truth of its contents, and draw the inferences it is offered to support against the non-movant;

4. take judicial notice that parties "routinely waive formal service of subpoenas"—a proposition that is neither a matter of public record nor free from reasonable dispute—and infer waiver and compulsion from it;

5. treat the letters as proof that the reports "concern" Plaintiff, and substitute "reports relating to the terms identified by Plaintiff" for the published word "concerning"; and

6. resolve absolute privilege, statutory immunity, and substantial truth as questions of fact, for the movants, before any answer or discovery.

No rule permits any one of these operations on a Rule 12(b)(6) motion; the motion requires all of them at once. Stated plainly, the motion seeks dismissal by contradicting the complaint and by deciding contested facts in Defendants' favor, and it rests each step on the service it concedes did not occur.

The motion should be denied. In the alternative, if the Court does not exclude Defendants' extra-pleading materials and the judicial-notice request, the motion must be treated as one for summary judgment under Rule 12(d), and Plaintiff should be afforded a continuance under Rule 56(d), on

the accompanying Declaration, to take the identified discovery before any merits ruling. In the further alternative, should the Court identify any deficiency in the complaint, Plaintiff requests leave to amend under Federal Rule of Civil Procedure 15(a)(2).

Date: June 17, 2026
Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2026, I submitted the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss, together with the accompanying Declaration of Marvelle J. Ballentine Under Federal Rule of Civil Procedure 56(d) and the Local Rule 83.1(N) Certification, to the Clerk of Court for filing through the Court's Electronic Document Submission System (EDSS).

I further certify that, upon the Clerk's docketing of the submission on the Court's Case Management/Electronic Case Filing (CM/ECF) system, a Notice of Electronic Filing will be transmitted to counsel of record for Defendants, who are registered users of that system and will be served through that means.

Marvelle J. Ballentine
Plaintiff, *pro se*