

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

       v.                Case No. 1:26-cv-01341-MSN-WBP

NATIONAL CENTER FOR MISSING
& EXPLOITED CHILDREN; and
KATIE HALL,

    *Defendants.*

## DECLARATION OF MARVELLE J. BALLENTINE UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)

I, Marvelle J. Ballentine, declare as follows:

1. I am the Plaintiff in this action and appear *pro se*. I make this declaration on personal knowledge of the procedural history of this matter and of the facts within my own knowledge. This declaration is submitted in support of the alternative relief requested in Plaintiff's Opposition to Defendants' Motion to Dismiss. It is conditional: it governs only if the Court declines to exclude the materials Defendants present outside the pleadings and instead considers them, in which event the motion must be treated as one for summary judgment under Federal Rule of Civil Procedure 12(d).

2. If the Court treats the motion as one for summary judgment, I cannot present facts essential to justify my opposition. The facts identified below are not within my possession, custody, or control; they are within the possession, custody, or control of Defendants or of third parties. No discovery has occurred in this action. There has been no Rule 26(f) conference,

no initial disclosures have been exchanged, and no discovery requests have been served or answered.

3. Defendants' motion relies on materials outside the complaint, including the April 9, 2026 correspondence and attachments designated Exhibit C, and on characterizations drawn from those materials. The motion asks the Court to treat as established a series of facts the complaint does not allege: that Plaintiff sent subpoenas to NCMEC; that NCMEC was responding to subpoenas; that formal service was waived, unnecessary, or immaterial; that parties routinely waive formal service of subpoenas; that the April 22, 2026 letters were issued in performance of CyberTipline functions; and that two CyberTipline reports exist and concern me personally.

4. If the motion is treated as one for summary judgment, the following facts are essential to my opposition and cannot be obtained without discovery. They fall into three groups.

   **A. Service, compulsion, and the basis for the subpoena-response characterization.**

This discovery is essential because Defendants' privilege and immunity defenses depend on whether the April 22, 2026 letters answered operative compulsory process. It is unavailable to me without discovery because the records are internal to NCMEC. The discovery includes:

   (i) whether NCMEC was served with any subpoena in connection with me before April 22, 2026, and any records of such service;

   (ii) NCMEC's legal-intake and docketing records concerning the April 9, 2026 transmission;

   (iii) internal communications concerning the decision to issue the letters before any formal service; and

2

(iv) the basis on which the letters characterized themselves as responses to a subpoena issued April 9, 2026.

**B.      The § 2258D(b) exceptions and scienter.**

This discovery is essential because the statutory exceptions in 18 U.S.C. § 2258D(b) turn on intent, knowledge, and purpose, and Hall's individual state of mind bears on the actual-malice exception. It is unavailable to me without discovery because it consists of internal drafting records and communications. The discovery includes:

(i) the identity of each person who prepared, reviewed, approved, or transmitted the letters;

(ii) drafts of the letters and records of any internal review;

(iii) communications concerning the selection of the subpoena-response language; and

(iv) communications between NCMEC and any third party preceding the issuance of the letters.

**C.      The existence and content of the asserted reports.**

This discovery is essential because Defendants assert that the letters are true and hold the records that would establish or negate truth. It is unavailable to me without discovery because I have no access to NCMEC's CyberTipline records. The discovery includes:

(i) whether two reports exist as represented;

(ii) the report number, date of receipt, and reporting provider for each report;

(iii) the identifier matched to each report and whether either report concerns me personally; and

(iv)    whether either report involved Meta Platforms, Inc., my Facebook account, or the July 4, 2022 account action referenced in my Middle District of Florida matters.

5. The facts identified above cannot be obtained without discovery directed to Defendants and, as to certain items, to third parties. They are not matters of public record and are not otherwise available to me. If the Court treats the motion as one for summary judgment, I request a reasonable opportunity under Federal Rule of Civil Procedure 56(d) to obtain the described discovery before the motion is decided.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: June 17, 2026                                        Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com