UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-1341 |
| | ) | |
| NATIONAL CENTER FOR MISSING & | ) | |
| EXPLOITED CHILDREN, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

REPLY OF DEFENDANTS KATIE HALL
AND NATIONAL CENTER FOR MISSING AND ENDANGERED CHILDREN
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Katie Hall and National Center for Missing and Endangered Children

(collectively, "NCMEC"), by and through undersigned counsel and pursuant to the Rules and

Orders of this Honorable Court, hereby respectfully submits the following Reply in support of

NCMEC's Motion to Dismiss.

First, Plaintiff argues that the inclusion of Exhibit C—Plaintiff's letter to NCMEC and

the signed subpoenas—are not properly before the Court. Plaintiff does not appear to dispute

that Exhibit C is authentic or accurate, nor that the operative allegedly-defamatory letters were

not in response to Exhibit C. As this Court knows, under Rule 12(d), to the extent that the Court

finds it necessary to consider Exhibit C, the Motion is to be treated as a motion for summary

judgment, and "[a]ll parties must be given a reasonable opportunity to present all the material

that is pertinent to the motion." To the extent that the Court must consider Exhibit C, that would

effectively serve as the sole undisputed fact; that Plaintiff sent Exhibit C to NCMEC. No

discovery is necessary for Plaintiff to oppose that fact; if he did not transmit Exhibit C to

NCMEC, he can certainly provide an affidavit to that end, without any discovery needed to adequately oppose the motion.

However, while the letters provide context, they are not strictly necessary for the Court to rule on argument (b)—that NCMEC is entitled to statutory immunity—or argument (c)—that Plaintiff has failed to allege that the factual representations in the letter are inaccurate.  The letter from Plaintiff would certainly be relevant to argument (a) (that the litigation privilege applies).  The Complaint does not allege that the factual assertions in the letter are inaccurate— rather, it engages in sophistry to assert that the *imputation* of the letters is false.  The letters do not allege that Plaintiff engaged in any conduct constituting, or reasonably appearing to constitute, a violation of any of the statutes at issue—the indicate that reports have been received, without any editorializing or narration as to the validity of the reports.  Essentially, Plaintiff is attempting to make the following statement: "NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present" into "Marvelle Ballentine is the subject of suspected child-exploitation conduct"[1] or "Marvelle Ballentine apparently violated the child-exploitation statutes enumerated in § 2258A"[2] or "Marvelle Ballentine engaged in conduct constituting, or reasonably appearing to constitute, a violation" of the child-exploitation statutes.[3]  The allegedly-defamatory statements do not say that, nor is NCMEC making those representations; that must be emphasized.  NCMEC indicated that two reports were in the system as to the search terms indicated.  Absent a showing that the

---

[1] Plaintiff's Opp. at p. 13.
[2] Complaint at ¶ 60 (paraphrased).
[3] Complaint at ¶ 94.

statement is untrue, it cannot form the basis for a defamation action, and the statement cannot be twisted into an imputation that the reported (or inferred to be report) conduct took place.

Next, Plaintiff argues that the litigation privilege does not attach on the pleadings (argument (a) in the Motion to Dismiss).  To the extent the Court is willing to entertain Exhibit C, that clearly demonstrates the privilege applies, as the allegedly-defamatory statements were made in response to subpoenas sent to NCMEC.  There were (and apparently still are) two lawsuits in Florida—the statements were made in response to subpoenas issued by the clerk of court in those lawsuits.  If Plaintiff did not want NCMEC to respond to the subpoenas, he should not have transmitted them to NCMEC.

Finally, NCMEC's entitlement to statutory immunity can be resolved at this stage of the proceeding.  Plaintiff argues that "issuing legal correspondence about claimed process is general administration rather than the performance of a reporting function."  Plaintiff's Opp. at pp. 12-13.  That ignores that a necessary corollary of NCMEC's role as a clearinghouse for reports of child exploitation requires it to respond to inquiries related to such reports.  It is inseparable from NCMEC's role in that regard; if NCMEC is required to collect these reports, it will occasionally be required to provide information upon request.

Regardless of whether Exhibit C is considered, the fact remains that Plaintiff has not, and cannot in good faith, plead that that the factual statement in the allegedly-defamatory writing is false.  Plaintiff does not appear to question whether it is, only questioning the imputation that requires a tortured reading of the statement to arrive at the alleged inferred meaning.  Plaintiff is correct that the inferences from the pleadings must be drawn in Plaintiff's favor, but the fact remains that "the meaning of the alleged defamatory language can not [*sic*], by innuendo, be extended beyond its ordinary and common acceptation…" *Cawile v. Richmond Newspapers,*

*Inc.*, 196 Va. 1, 5 (1954).  While Virginia recognizes defamation by inference, implication, or insinuation, the Supreme Court has "made it clear that ensuring that defamation actions proceed only upon statements which may actually defame a plaintiff 'is an essential gatekeeping function of the court.'"  *Pendleton v. Newsome*, 290 Va. 162, 172 (2015).  Defendants respectfully request that this Honorable Court exercise that gatekeeping function, and dismiss the Complaint, with prejudice.

Respectfully submitted,

JORDAN COYNE LLP


 /s/ *Padraic K. Keane*
Padraic K. Keane #88876
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com
*Counsel for Defendants*
*National Center for Missing & Endangered*
*Children and Katie Hall, Esq.*


## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of this Reply were electronically filed and served, and were served via first-class mail, postage prepaid, and electronic mail, upon:

Marvelle J. Ballentine
1520 Belle View Boulevard, Suite 5847
Alexandria, VA 22307
jayballentine@protonmail.com
*Pro Se Plaintiff*


 /s/ *Padraic K. Keane*
Padraic K. Keane

4