UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

MARVELLE J. BALLENTINE,                )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Civil Action No. 1:26-cv-1341
                                       )
NATIONAL CENTER FOR MISSING &          )
EXPLOITED CHILDREN, *ET AL.*,          )
                                       )
        Defendants.                    )

MOTION TO STAY PRE-ANSWER DISCOVERY AND RULE 26 OBLIGATIONS

Defendants National Center for Missing & Exploited Children and Katie Hall (collectively, "NCMEC"), by and through undersigned counsel and pursuant to the Rules and Orders of this Honorable Court, hereby respectfully set forth the following in support of NCMEC's Motion to Stay pre-answer discovery and the Parties' Rule 26 obligations, until the pending Motion to Dismiss is ruled upon by the Court.  The Motion should be granted, as NCMEC's pending Motion to Dismiss challenges whether Plaintiff has stated a claim upon which relief may be granted, and NCMEC hopes to minimize the impact of pre-answer discovery on the resources of the parties and this Court.

I.      Factual Setting

The *pro se* Plaintiff, Mr. Marvelle J. Ballentine, sent a letter to NCMEC, entitled "Re: Advanced Notice of Intended Subpoenas—Two Separate Matters (1) *Ballentine v. Meta Platforms, Inc., et al.*, No. 6:26-cv-00376-AGM-DCI (M.D. Fla.) (2) *Ballentine v. Anderson, et al.*, No. 6:26-cv-00286-AGM-DCI (M.D. Fla.)."  In the letter, Mr. Ballentine referenced two subpoenas with attached schedules of documents requested, and indicated that the subpoenas

would be served "after the notice period has run."  The schedules attached to the letter instructed NCMEC to:

> produce a document sufficient to show whether [NCMEC] received or maintains any CyberTipline report, referral, or submission concerning: (1) Marvelle J. Ballentine; (2) Jay Ballentine; and/or (3) the account-level identifier jaychizza@icloud.com for the period July 2, 2022 through the date of compliance.

The schedule went on to instruct that NCMEC was <u>not</u> to produce the contents of any such CyberTipline report, any narrative text, or "any material beyond what is necessary to show the existence or non-existence of a CyberTipline report, referral, or submission."

On April 22, 2026, NCMEC—via Ms. Katie Hall, Esq., acting as agent for a disclosed principal, responded on behalf of NCMEC with two identical letters to Mr. Ballentine, and stated:

> In response to your subpoena issued April 9, 2026, [NCMEC] provides its written responses as detailed below: NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present.

Ballentine claims that these letters were defamatory, and caused him to suffer humiliation, embarrassment, mental suffering, and injury to reputation, despite the fact that the letters were directly responsive to, and used the language utilized in, Ballentine's subpoenas to NCMEC.  Ballentine seeks compensatory damages of $25,000,000.00, plus punitive damages and various other forms of relief.

On June 16, 2026, NCMEC filed a motion to dismiss, which Plaintiff has opposed.  That Motion is pending as of the date of filing of the Motion to Stay Discovery.

II.     <u>STANDARD OF REVIEW</u>

The Court enjoys broad discretion to stay discovery pending resolution of a motion to dismiss.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lone Star Steakhouse & Saloon,*

2

*Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 9292 (4th Cir. 1995).  Additionally, the Court may also stay discovery for good cause under Rule 26(c) of the Federal Rules of Civil Procedure to protect a party from "annoyance, embarrassment, oppression, or undue expense."  *Zinski v. Liberty Univ., Inc.*, 761 F. Supp. 3d 916, 919 (W.D. Va. 2025).  In balancing any potential harm produced by a delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery, "[i]t may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted."  *Bennett v. Fastenal Co.*, 2016 U.S. Dist. LEXIS 194431, *2 (W.D. Va. 2016) (internal citations omitted).

While motions to stay discovery are generally disfavored, "[i]t is not uncommon for courts to stay discovery pending the resolution of a dispositive motion, but the mere filing of a dispositive motion does not automatically warrant a stay."  *Zinski*, 761 F. Supp. 3d at 919.  As noted by this Court, "[d]iscovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."  *See Porter v. Hamilton*, 2021 U.S. Dist. LEXIS 73752, *4 (E.D. Va. 2021); *Id.* ("[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should… be resolved before discovery begins." (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

III.    ARGUMENT

NCMEC respectfully submits that a stay of discovery is necessary and appropriate, particularly in light of the claims asserted by Plaintiff in this matter.  Plaintiff's claims are predicated on his transmittal of subpoenas to NCMEC, and his dissatisfaction at the wording used by NCMEC in responding to the subpoenas (despite the language utilized in the responses

matching verbatim the language utilized in the subpoenas).  In the event the Motion to Dismiss is granted, it would result in the dismissal of all claims against NCMEC, so there is a danger of unnecessary attorneys fees, time, and expense to the parties to engage in discovery at this point. Plaintiff does not require discovery in order to respond to the Motion to Dismiss, as he has already opposed the Motion.  A stay would also further the interests of judicial economy, particularly if this Court agrees that the Complaint fails to state a claim upon which relief may be granted.

Further, a stay is appropriate in light of the sensitive information maintained by NCMEC. As this Court is aware, NCMEC—by statute—serves as a clearinghouse to receive reports of alleged exploitation of children, and is mandated to help find missing children, reduce online sexual exploitation of children, and prevent future victimization of children.  *See* 18 U.S.C. § 2258D(a).  Thus, there is a concern that discovery in this matter could require the disclosure of sensitive material, and NCMEC has reason to be concerned that information provided in discovery in this matter could give rise to further litigation from Mr. Ballentine.  Additionally, as NCMEC is a non-profit, resources expended on what may prove to be unnecessary discovery draws resources away from NCMEC's mission, as discussed above.

Defendants note that discovery appears to be stayed pending resolutions of motions to dismiss in both lawsuits from which the subpoenas were issued.

The relief requested will not unfairly prejudice Mr. Ballentine, nor will it cause undue delays in the matter; in the event the Court denies the pending Motion to Dismiss, NCMEC will obviously need to answer the pending Complaint, and the parties can move forward with all reasonable haste to confer pursuant to Rule 26, and NCMEC.  In the event the Court grants the

4

Motion, any time and resources devoted to discovery efforts by either Plaintiff or Defendants will have been for naught.

IV.     CONCLUSION

As such, for the reasons set forth above, Defendants National Center for Missing & Exploited Children and Katie Hall, Esq. respectfully request that this Honorable Court grant the Motion to Stay, and for such additional relief as this Court may deem necessary and appropriate.

Respectfully submitted,

JORDAN COYNE LLP

 /s/ *Padraic K. Keane*
Padraic K. Keane #88876
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com
*Counsel for Defendants*
*National Center for Missing & Exploited Children*
*and Katie Hall, Esq.*

LCvR 7 CERTIFICATION

I hereby certify that on July 13, 2026, I wrote to the *pro se* plaintiff and advised that I intended to file this motion.  Mr. Ballentine advised he opposed the relief, but insisted on a meet and confer.  On July 15, 2026, I placed a call to the *pro se* plaintiff at a time he suggested, but was advised by a person who returned my call that he was no longer available as I did not confirm my appointment.  He previously advised via e-mail that he opposed the relief requested, so it is anticipated that he will file an opposition to this motion.

 /s/ *Padraic K. Keane*
Padraic K. Keane

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing Motion and proposed Order were electronically filed and served, and were served via first-class mail, postage prepaid, and electronic mail, upon:

Marvelle J. Ballentine
1520 Belle View Boulevard, Suite 5847
Alexandria, VA 22307
jayballentine@protonmail.com
*Pro Se Plaintiff*

  /s/ *Padraic K. Keane*
Padraic K. Keane

6