7/16/2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

      v.

NATIONAL CENTER FOR MISSING
& EXPLOITED CHILDREN; and
KATIE HALL, individually,

    *Defendants.*

Case No. 1:26-cv-01341-MSN-WBP

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PRE-ANSWER DISCOVERY AND RULE 26 OBLIGATIONS

**INTRODUCTION**

Defendants' Motion rests on a reversal of posture.

On April 21, 2026, a joint motion to stay discovery and hold the Rule 26(f) requirement in abeyance was filed in the related Meta action identified in NCMEC's April 22 correspondence. M.D. Fla. No. 6:26-cv-00376, Dkt. 92. On April 22, 2026, NCMEC issued that correspondence, styling it as a response to a subpoena. No subpoena had been served. NCMEC awaited neither service nor adjudication of the pending stay motion; it responded without compulsory process. Defendants now invoke the discovery posture of that same action as a reason to suspend every Rule 26 obligation here—where no discovery has been served, no response is due, and the Motion offers no declaration or particularized showing of burden.

Defendants' request follows a consistent sequence. The letters styled themselves as subpoena responses, yet no subpoena was served. The motion to dismiss is confined to the pleadings, yet Defendants supplemented it with materials outside them. No party discovery has been served, yet Defendants move to stay it.

A stay of discovery is warranted, if at all, on a particularized showing of burden arising from discovery actually sought. Defendants make no such showing. They seek protection from a process to which they have not been subjected, on the strength of a dismissal motion that concedes NCMEC acted before formal service while asking the Court to treat the resulting correspondence as subpoena responses. Whatever burden Defendants anticipate is addressable through request-specific objections, scope limitations, redaction, and a protective order.

Defendants also predicate the Motion in part on asserted discovery stays in related actions. The public docket establishes that one of those actions was transferred to another district and all pending motions and deadlines terminated approximately six weeks before Defendants filed the Motion. The defense asks this court to grant a blanket stay despite a Rule 37(E) defect, the absence of served discovery, the lack of a particularized burden showing, and the pending Rule 56(d) request. The Motion should be denied.

**BACKGROUND**

Defendants filed their motion to dismiss and supporting memorandum on June 16, 2026 (DE 4; DE 5). Plaintiff filed his Opposition (DE 7) and a supporting Rule 56(d) Declaration (DE 8) on June 17, 2026. Defendants filed their reply on June 23, 2026 (DE 9). Defendants filed the present Motion to Stay on July 15, 2026 (DE 11).

No party discovery has been served in this action. The only case-management activity to date is Rule 26(f) planning. On July 13, 2026, Plaintiff transmitted a Rule 26(f) proposal addressing preservation, scheduling, electronically stored information, privilege, and confidentiality,

2

including a protective order, and expressly excluding CyberTipline report contents from any anticipated report-related discovery. Defendants filed the present Motion two days later. No discovery request preceded it.

One of the proposed subpoenas addressed by NCMEC's April 22, 2026 correspondence was associated with *Ballentine v. Meta Platforms, Inc.*, formerly No. 6:26-cv-00376 (M.D. Fla.). On April 21, 2026, a joint motion to stay discovery and hold the Rule 26(f) requirement in abeyance was filed in that action. M.D. Fla. Dkt. 92. On May 1, 2026, the court entered an order temporarily staying discovery "pending resolution of the motion to stay discovery," Dkt. 92. M.D. Fla. Dkt. 104. On June 3, 2026, the court transferred the action to the United States District Court for the Northern District of California and directed the Clerk to terminate all pending motions and deadlines and close the case. M.D. Fla. Dkt. 121.

NCMEC's April 22, 2026 correspondence issued the day after the stay motion was filed and before any order on it.

**LEGAL STANDARD**

The Court has discretion to stay proceedings pending resolution of a dispositive motion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). The party seeking a stay bears the burden of establishing that one is warranted. To the extent Defendants proceed under Fed. R. Civ. P. 26(c), good cause requires a particularized showing directed to the discovery actually in issue; a stay does not follow from categorical assertion or from the mere filing of a dispositive motion. *Zinski v. Liberty Univ., Inc.*, 761 F. Supp. 3d 916, 919 (W.D. Va. 2025). Stays of discovery are generally disfavored.

In evaluating a requested stay pending a dispositive motion, a court may take a preliminary peek at the motion to determine whether there is an immediate and clear possibility that it will be granted. *Bennett v. Fastenal Co.*, 2016 U.S. Dist. LEXIS 194431, at *2 (W.D. Va. 2016). Although

facial challenges to legal sufficiency may be resolved before discovery, that principle carries reduced force where the asserted basis for dismissal depends on disputed factual characterizations or matters outside the pleadings. *Porter v. Hamilton*, 2021 U.S. Dist. LEXIS 73752, at *4 (E.D. Va. 2021); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

## ARGUMENT

### I.    THE MOTION SHOULD BE DENIED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH LOCAL CIVIL RULE 37(E).

The Court should decline to consider the Motion, or deny it without prejudice, because Defendants filed it before completing the conference required by Local Civil Rule 37(E).

A motion to stay discovery and Rule 26 obligations, premised in part on Rule 26(c), is a motion concerning discovery matters governed by Local Civil Rule 37(E). The Rule provides that no motion concerning discovery matters may be filed until counsel have conferred in person or by telephone to explore the possibility of resolving the discovery matters in controversy, and that the Court will not consider any such motion unless it is accompanied by a statement of counsel that a good-faith effort has been made to resolve the matters at issue.

Defendants' certification establishes that counsel advised Plaintiff of the intended motion on July 13, 2026, that Plaintiff requested the conference the Rule contemplates, and that the parties did not confer in person or by telephone before filing. The certification recites an attempted telephone call on July 15, 2026—the day the Motion was filed. It does not state that the required conference occurred, and its own narrative establishes that it did not.

Even if the certification suffices to establish that the Motion is opposed, opposition is not conferral. Local Civil Rule 37(E) separately requires that counsel confer concerning the discovery

4

matters before the motion is filed. That did not occur. The Court should decline to consider the Motion, or deny it without prejudice, on that basis.

## II.    DEFENDANTS HAVE NOT SHOWN GOOD CAUSE FOR A BLANKET STAY.

Defendants have not carried their burden to show good cause for the blanket stay requested, including suspension of the Rule 26(f) conference. They identify no authority for suspending the one Rule 26 obligation now due.

### A.    Defendants have not justified suspending Rule 26(f) planning.

Defendants move to suspend not only discovery but "Rule 26 obligations." The Rule 26 obligation now due is the Rule 26(f) conference, which the parties must hold "as soon as practicable—and in any event at least 21 days before" the scheduling order is due under Rule 16(b). Fed. R. Civ. P. 26(f)(1). Although the Court may alter case-management obligations by order, the party seeking that relief must justify the particular relief requested. Defendants do not.

Every authority Defendants cite addresses a stay of discovery or of proceedings. *Landis*, 299 U.S. at 254; *Lone Star*, 43 F.3d at 929; *Zinski*, 761 F. Supp. 3d at 919; *Bennett*, 2016 U.S. Dist. LEXIS 194431, at *2; *Porter*, 2021 U.S. Dist. LEXIS 73752, at *4; *Chudasama*, 123 F.3d at 1367. None makes the Rule 26(f) conference an automatic casualty of a pending Rule 12 motion. The conference is the mechanism for addressing sequencing, proportionality, preservation, electronically stored information, privilege, confidentiality, and protective-order terms—the same subjects Defendants invoke as reasons for a stay. Suspending it would not reduce discovery burden, because none has been served; it would remove the mechanism the Rules supply for containing burden, while the scheduling-order deadlines fixed by Local Civil Rule 16(B) continue

5

to run. Defendants identify no authority establishing that suspension of Rule 26(f) planning is warranted on this record.

**B.    No discovery has been served, and the Motion seeks protection against discovery that does not exist.**

No interrogatory, request for production, request for admission, or deposition notice has been served in this action. No discovery response, production, appearance, or database search is due. The Motion treats as a single undifferentiated burden several distinct things: party discovery that has not been served; the Rule 26(f) conference; preservation of evidence; initial disclosures; and any discovery that may become necessary under Rule 56(d). Rule 26(f) planning concerning preservation, electronically stored information, privilege, confidentiality, proportionality, and sequencing is not document production or deposition discovery. Fed. R. Civ. P. 26(f)(2)–(3). Defendants identify no served request that would burden them, because none exists.

**C.    Institutional identity is not a particularized showing of burden.**

Rule 26(c) good cause requires a particularized showing, and Defendants supply none. *Zinski*, 761 F. Supp. 3d at 919. Defendants submit no declaration from Hall, an NCMEC custodian, an executive, or an information-technology representative; no estimate of hours, cost, custodians, data volume, or operational interruption; and no identification of any discovery request served in this action, because none has been served. Defendants ask the Court to infer burden from NCMEC's institutional character rather than from any particular anticipated request. NCMEC's asserted immunity under 18 U.S.C. § 2258D is a merits defense raised in the motion to dismiss; it is not evidence that responding to discovery in this action would impose undue burden or expense. The Motion's stated aim to "minimize the impact" of discovery states a litigation preference, not good cause. And Defendants' reference to possible "further litigation from Mr. Ballentine" is not

6

a cognizable ground; discovery is not stayed because responsive facts may carry legal consequences.

NCMEC's own conduct undercuts the inference of burden it asks the Court to draw. When NCMEC issued its April 22, 2026 correspondence purporting to respond to a subpoena, no subpoena had been served, and the docket of the related action contained a motion to stay discovery filed the day before. NCMEC nevertheless issued a substantive response without compulsory process. That voluntary decision does not establish undue burden from discovery in this action; it establishes only that NCMEC chose to respond when uncompelled, while the Motion supplies no evidence that limited Rule 26 planning would impair NCMEC's operations or mission.

### D.    The Motion contains no showing specific to Defendant Hall.

Both Defendants seek relief, but every asserted burden concerns NCMEC's resources, mission, records, and information. The Motion describes Hall as an "agent for a disclosed principal" and supplies no independent basis to stay her Rule 26 obligations. Each moving party bears the burden of supporting the relief it seeks. The Motion offers no showing that Hall's participation in Rule 26(f) planning, or her compliance with any eventual discovery, would impose undue burden or expense.

### E.    Any confidentiality concern is addressable by narrower means than a blanket stay.

Defendants identify no discovery request in this action that would require production of protected report content, and Plaintiff has limited anticipated report-related discovery to non-content information. Any confidentiality interest is addressable through request-specific objections, redaction, proportionality limits, or a protective order—mechanisms the Federal Rules

supply and that Plaintiff's Rule 26(f) proposal already places on the parties' agenda. A blanket stay is disproportionate to the stated concern.

### III.    DEFENDANTS' REPRESENTATION THAT DISCOVERY IS STAYED IN THE RELATED ACTIONS IS CONTRADICTED BY THE PUBLIC DOCKET.

Defendants represent that discovery "appears to be stayed pending resolutions of motions to dismiss" in the related actions. That representation is incorrect as to both the basis and the present status of the asserted stay in *Ballentine v. Meta Platforms, Inc.*, formerly No. 6:26-cv-00376 (M.D. Fla.).

The Middle District of Florida did not stay discovery pending resolution of motions to dismiss. On May 1, 2026, it temporarily stayed discovery "pending resolution of the motion to stay discovery," Dkt. 92. M.D. Fla. Dkt. 104. On June 3, 2026, the court transferred the action to the Northern District of California and directed the Clerk to terminate all pending motions and deadlines and close the case. M.D. Fla. Dkt. 121. The matters so terminated included the motion to stay discovery on which the temporary stay had depended. Defendants identify no order entered after transfer continuing or imposing a discovery stay.

Defendants' statement that discovery "appears to be stayed pending resolutions of motions to dismiss" is thus unsupported by the order that created the temporary stay, contradicted by the transfer order terminating every pending motion, and unsupported by any post-transfer order. When Defendants filed the present Motion on July 15, 2026, the Middle District of Florida motions to stay discovery and to dismiss on which their representation depended were no longer pending, the action having been transferred and all its motions and deadlines terminated. The Court should not premise discretionary relief on a procedural representation the public docket does not support.

8

## IV.    THE PENDING MOTION TO DISMISS DOES NOT PRESENT AN IMMEDIATE AND CLEAR PROSPECT OF DISMISSAL.

Defendants invite the preliminary peek. Taken, it does not reveal a clear path to dismissal. It reveals the fact on which the dispositive motion founders: that no subpoena was served.

The Complaint alleges that no subpoena was served and that no process server, court order, return, certificate, or affidavit established service before the letters issued. Compl. ¶¶ 3, 28, 36–40. Defendants concede that NCMEC did not await formal service. The chronology confirms the letters' voluntary character: a joint motion to stay discovery and hold the Rule 26(f) requirement in abeyance was filed in the related Meta action on April 21, 2026, M.D. Fla. Dkt. 92, and NCMEC's correspondence issued the following day, April 22, 2026, before any ruling on that motion. NCMEC awaited neither service nor adjudication. It chose to act.

The absence of compulsory process defeats Defendants' characterization of the letters as compelled subpoena responses and leaves the proceeding nexus, the statutory purpose, and the truth of the letters' assertions materially contested. The litigation-privilege defense therefore depends on a disputed characterization of a voluntary communication. The statutory-immunity defense under 18 U.S.C. § 2258D likewise depends on whether the communication arose from a protected statutory function or instead falls within the exceptions pleaded on the face of the Complaint. The truth defense treats the challenged letters as proof of their own accuracy. None of those theories presents the clean facial path to dismissal that Defendants' preliminary-peek authority contemplates.

The dismissal motion is brought under Rule 12(b)(6), but it reaches outside the pleadings to argue truth, attaching extrinsic materials for that purpose. Under Rule 12(d), the Court must

9

either exclude those materials or, if it considers them, convert the motion to one for summary judgment. Excluded, the truth defense loses the support Defendants built for it. Considered, conversion follows, Rule 56(d) governs, and Plaintiff's DE 8 Declaration identifies the discovery required before any merits ruling. Either branch is inconsistent with a stay.

A blanket stay should not become the mechanism for eliminating the reasonable opportunity Rules 12(d) and 56(d) provide if the Court considers matters outside the pleadings.

### V.     A STAY WOULD IMPOSE CONCRETE PROCEDURAL PREJUDICE.

The prejudice is concrete and procedural. Local Civil Rule 16(B) and Fed. R. Civ. P. 16(b)(2) require the scheduling process to proceed within the earlier applicable period measured from a defendant's appearance or service of the complaint, absent good cause for delay. Rule 26(f)(1) in turn requires the parties to confer at least twenty-one days before the scheduling order is due or the scheduling conference is held. Measured from either the appearance or the service date in this action, that sequence is now imminent.

Suspending Rule 26(f) planning while those court-controlled dates continue to run would push the conference past the point at which it can inform the scheduling order, either depriving that order of the planning input the Rules contemplate or requiring alteration of the ordinary scheduling sequence—not because any discovery burden presently exists, but because Defendants seek to avoid the conference designed to identify and control that burden. Records bearing on Hall's knowledge, the letters' provenance, NCMEC's search foundation, and Defendants' asserted truth defense would remain principally within Defendants' possession. And Defendants would obtain delay grounded in the same factual uncertainty their dismissal motion asks the Court to resolve in their favor.

10

**CONCLUSION**

The Motion asks the Court to excuse planning that Defendants have not shown to be burdensome, to stay discovery that has not been served, and to rely on the procedural status of another action that the public docket does not support—all on a dismissal motion whose material predicates remain contested. For the reasons stated, Plaintiff respectfully requests that the Court:

1. Decline to consider the Motion, or deny it without prejudice, for failure to comply with Local Civil Rule 37(E);

2. In the alternative, deny the Motion because Defendants have not shown good cause or an immediate and clear possibility that the pending motion to dismiss will dispose of this action; and

3. If the Court grants any relief, enter an order providing that:

    (a) Rule 26(f) planning and preservation discussions continue;

    (b) preservation duties remain in effect;

    (c) the stay does not impair Plaintiff's Rule 56(d) request at DE 8; and

    (d) any stay of merits discovery expires automatically upon denial of the motion to dismiss, with Defendants to answer within the time prescribed by Fed. R. Civ. P. 12(a)(4)(A) and to complete the Rule 26(f) conference promptly thereafter.

Dated: July 16, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, I submitted the foregoing Plaintiff's Opposition to Defendants' Motion to Stay Pre-Answer Discovery and Rule 26 Obligations to the Clerk of Court through the Court's Electronic Document Submission System (EDSS). Upon the Clerk's acceptance and docketing of the submission, a Notice of Electronic Filing will be transmitted through the Court's CM/ECF system to counsel of record for Defendants, who are registered users of that system.

Marvelle J. Ballentine
*Plaintiff, pro se*

13

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

        v.                           Case No. 1:26-cv-01341-MSN-WBP

NATIONAL CENTER FOR MISSING
& EXPLOITED CHILDREN; and
KATIE HALL, individually,

    *Defendants.*

### LOCAL RULE 83.1(N) CERTIFICATION

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of

PLAINTIFF'S NOTICE OF WAIVER OF ORAL ARGUMENT AND REQUEST TO

VACATE AUGUST 14, 2026 HEARING

Date: July 16, 2026

                                          Marvelle J. Ballentine
                                          Plaintiff, pro se

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARVELLE J. BALLENTINE,

  *Plaintiff,*

    v.          Case No. 1:26-cv-01341-MSN-WBP

NATIONAL CENTER FOR MISSING
& EXPLOITED CHILDREN; and
KATIE HALL, individually,

  *Defendants.*

## LOCAL RULE 83.1(N) CERTIFICATION

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PRE-ANSWER

DISCOVERY AND RULE 26 OBLIGATIONS

Date: July 16, 2026

                Marvelle J. Ballentine
                Plaintiff, pro se