FILED

07/26/2026

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION


MARVELLE J. BALLENTINE,

      *Plaintiff,*

        v.                             Case No. 1:26-cv-01341-MSN-WBP

NATIONAL CENTER FOR MISSING
& EXPLOITED CHILDREN; and
KATIE HALL, individually,


      *Defendants.*


### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE

### TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT


Plaintiff Marvelle J. Ballentine, proceeding pro se, submits this Memorandum pursuant to Local Civil Rule 7(F)(1) in support of his Motion for Leave to File First Amended and Supplemental Complaint.

### I.      BACKGROUND

Plaintiff commenced this action on May 19, 2026, asserting claims against NCMEC and its Corporate Counsel, Katie Hall, arising from two letters that Defendants issued on April 22, 2026. Each letter stated on its face that it was issued in response to a subpoena; no subpoena had been served on NCMEC. Each letter associated Plaintiff's legal name, alternate name, and email identifier with two CyberTipline reports.

On June 16, 2026, Defendants jointly moved to dismiss the Complaint (ECF No. 5). Briefing on that motion is complete. On July 15, 2026, Defendants jointly moved to stay pre-

answer discovery and Rule 26 obligations (ECF No. 11). No answer has been filed, no scheduling order has been entered, no Rule 26(f) conference has been completed, and no party has served discovery.

The proposed First Amended and Supplemental Complaint, attached to the Motion as Exhibit 1, makes two categories of changes. First, by amendment under Rule 15(a)(2), it joins Meta Platforms, Inc. and John/Jane Does 1–6 as defendants; restates the defamation claims as two counts, each keyed to one of the two April 22, 2026 letters; adds a count under the first clause of 42 U.S.C. § 1985(2) against all defendants; and adds a count for intentional infliction of emotional distress against Defendant Hall. Second, by supplementation under Rule 15(d), it alleges events that occurred after the original Complaint was filed, including statements contained in Defendants' own filings of June 16, 2026 and July 15, 2026. This is Plaintiff's first request for leave to amend or supplement.

## II.    LEGAL STANDARD

Under Rule 15(a)(2), the court "should freely give leave when justice so requires." This mandate is to be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Fourth Circuit, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *accord Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Rule 15(d) permits a party, on motion and reasonable notice, to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The standards governing a motion to supplement are "nearly

identical" to those governing a motion to amend: absent prejudice, bad faith, or futility, leave should be granted. *Franks v. Ross,* 313 F.3d 184, 198 n.15 (4th Cir. 2002).

### III.    ARGUMENT

#### A.    No Prejudice Will Result From the Amendment

The action is in its earliest stage. Defendants have not answered. No scheduling order has been entered. No discovery has been served by any party, and Defendants themselves have moved to hold Rule 26 obligations in abeyance (ECF No. 11). Whether prejudice exists is ordinarily measured by the stage of the litigation and the nature of the amendment; an amendment made before any responsive pleading, before any discovery, and before entry of a scheduling order works no cognizable prejudice. The only pending motion is a Rule 12 motion directed at a pleading the proposed amendment would supersede, and Defendants remain free to direct any Rule 12 motion at the operative pleading.

#### B.    The Motion Is Timely and Made in Good Faith

Plaintiff seeks leave approximately two months after commencing the action and promptly after the events that the supplemental allegations describe. The July 15, 2026 filing (ECF No. 11) — one of the two post-commencement events the proposed pleading alleges — occurred five days before Plaintiff transmitted the proposed pleading to Defendants' counsel for conferral. No prior amendment has been sought or made. Because no scheduling order has been entered, no Rule 16(b)(4) good-cause showing is required; Rule 15 alone supplies the governing standard.

#### C.    The Amendment Is Not Futile

Futility is assessed under the standard applicable to a motion to dismiss: leave may be denied as futile only where the proposed pleading could not survive Rule 12(b)(6) review. The proposed pleading sets out, in numbered factual allegations, the issuance of the two letters, their content, the absence of the subpoena each letter invoked, the third-party publication through the

commercial mail-receiving channel Hall selected, the chronology of the coordinated April 21, 2026 filings in the two Middle District of Florida actions, and the injuries that followed. It pleads each element of each count against each defendant. Plaintiff respectfully submits that the sufficiency of the operative pleading is better tested on full Rule 12 briefing directed at that pleading than on a futility preview, and that nothing on the face of the proposed pleading forecloses relief.

### D.    Supplementation Under Rule 15(d) Is Proper

The supplemental allegations set out transactions, occurrences, and events that happened after May 19, 2026 — principally, statements contained in Defendants' filings of June 16, 2026 (ECF No. 5) and July 15, 2026 (ECF No. 11). Rule 15(d) exists for precisely this purpose: to permit the pleading to reflect events postdating commencement so that the controversy is adjudicated on a complete record in a single action. The supplemental matter arises from the same subject as the original Complaint — the April 22, 2026 letters and Defendants' conduct concerning them — and requires no new discovery apparatus beyond what the amended claims already entail. Because the supplemental allegations consist of Defendants' own court filings, Defendants cannot claim surprise or prejudice from their inclusion.

### E.    Joinder of the New Defendants Is Proper Under Rule 20(a)(2)

The claims asserted against Meta Platforms, Inc. and the Doe Defendants arise out of the same transaction, occurrence, or series of transactions and occurrences as the claims against Hall — the preparation, approval, issuance, transmission, and publication of the April 22, 2026 letters — and present questions of law and fact common to all defendants, including the existence, participants, and implementation of the understanding alleged in the proposed pleading. Both requirements of Rule 20(a)(2) are satisfied, and joinder in a single action serves the interests of economy that the permissive-joinder rule exists to advance.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave under Federal Rules of Civil Procedure 15(a)(2) and 15(d) to file the First Amended and Supplemental Complaint attached to the Motion as Exhibit 1, direct the Clerk to docket that pleading as the operative complaint, and deny the pending motion to dismiss (ECF No. 5) as moot without prejudice to renewal against the operative pleading.

Date: July 26, 2026                                                      Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2026, this Memorandum was submitted to the Clerk of Court through the Court's Electronic Document Submission System (EDSS) for filing. Upon docketing by the Clerk, a Notice of Electronic Filing will be transmitted through the CM/ECF system to all counsel of record, including Padraic Keane, Jordan Coyne LLP, counsel for Defendants NCMEC and Katie Hall, which constitutes service under Federal Rule of Civil Procedure 5(b)(2)(E).

Date: July 26, 2026                                    Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, pro se
1520 Belle View Blvd, Ste. #5847
Alexandria, Virginia 22307
(407) 794-6503
jayballentine@protonmail.com