UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-1341 |
| | ) | |
| NATIONAL CENTER FOR MISSING & | ) | |
| EXPLOITED CHILDREN, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPPOSITION OF DEFENDANTS' THE NATIONAL CENTER FOR MISSING &
EXPLOITED CHILDREN AND KATIE HALL
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendants the National Center for Missing and Exploited Children and Katie Hall

(collectively, "NCMEC"), by and through undersigned counsel and pursuant to the Rules and

Orders of this Honorable Court, hereby respectfully oppose Plaintiff's "Motion for Leave to File

First Amended and Supplemental Complaint." [Doc. 18]  The Motion should be denied, on the

grounds that the Motion is futile, as Plaintiff's proposed FAC would fail to withstand a motion to

dismiss as it is predicated entirely on conclusory allegations and factually unsupported non-

sequiturs.  Further, to the extent the proposed FAC fails to state a claim, Plaintiff would have no

claims to assert against the proposed new defendants.  In further support, NCMEC states as

follows:

I.      FACTUAL/PROCEDURAL SETTING

This matter arises out of two subpoenas sent, but not formally served, by the *pro se*

Plaintiff, Mr. Marvelle Ballentine to NCMEC, in which subpoenas Plaintiff instructed the

National Center for Missing & Exploited Children to:

> produce a document sufficient to show whether [NCMEC] received or maintains
> any CyberTipline report, referral, or submission concerning: (1) Marvelle J.

> Ballentine; (2) Jay Ballentine; and/or (3) the account-level identifier
> jaychizza@icloud.com for the period July 2, 2022 through the date of compliance.

Plaintiff carefully avoids inclusion of those subpoenas in his pleadings, but they are highly relevant, as shortly after receiving the letters, Ms. Hall—an employee of the National Center for Missing and Exploited Children—wrote two identical responses, stating:

> Dear Mr. Ballentine:
> In response to your subpoena issued April 9, 2026, the National Center for Missing & Exploited Children ("NCMEC") provides its written responses as detailed below: NCMEC has received two (2) CyberTipline reports concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com between July 1, 2022 and the present.

In other words, NCMEC responded <u>exactly</u> as instructed in the subpoenas.  Despite this, and despite the fact that Plaintiff chose the language utilized in the subpoenas, Plaintiff has filed the present lawsuit, alleging two counts of "Defamation Per Se and Defamation by Implication," and seeks compensatory damages of $25,000,000.00, punitive damages, *etc.*

NCMEC filed a Motion to Dismiss, which is set for hearing on August 7, 2026.  On July 27, 2026, Plaintiff filed his Motion for Leave to File a First Amended and Supplemental Complaint, along with a copy of the proposed First Amended Complaint ["FAC"].  Plaintiff appears to seek to drop the National Center for Missing and Exploitd Children as a Defendant, join Meta Platforms, Inc. and unidentified "John/Jane Does" as Defendants, to add a claim for a violation of 42 U.S.C. § 1985(2), to add a claim for Intentional Infliction of Emotional Distress as to Defendant Hall, and to allege additional facts as to alleged events occurring after the filing of Plaintiff's operative Complaint.

II.    STANDARD OF REVIEW

Under Rule 15(a), leave to amend is to be granted freely, "absent bad faith, undue prejudice to the opposing party, or futility of amendment." *Hardee v. Mun. Jail Va. Beach Sheriff's Off.,* 2025 U.S. Dist. LEXIS 184735, \*5 (E.D. Va. 2025) (quoting *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000)); *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) (same).  A proposed amendment is futile "when it is clearly insufficient or frivolous on its face… [or[ if the claim it presents would not survive a motion to dismiss." *Id.*; *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 375 (4th Cir. 2008).

Under Rule 20, multiple persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2); *Ellis v. Werfel*, 86 F.4th 1032, 1035 (4th Cir. 2023).

III.    ARGUMENT

*A.  Amendment Would Be Futile, as the FAC Would Not Survive a Motion to Dismiss.*

First, NCMEC respectfully submits that the FAC suffers from the same defects alleged in the pending Motion to Dismiss. Without repeating those arguments *verbatim* in this matter, Plaintiff's claims as to NCMEC are barred by the litigation privilege, NCMEC is statutorily immune to Plaintiff's claims, and because Plaintiff has failed to plausibly assert that the representations that are allegedly defamatory are false, and Plaintiff's theory of defamation by implication would require that the language in question be extended beyond its ordinary and common acceptation.  *Webb v. Virginian-Pilot Media Cos.*, 287 Va. 84, 89 (2014) (quoting

*Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 9 (1954)).  Plaintiff's 41-page proposed FAC does not disturb these arguments.

Additionally, the proposed FAC's additional causes of action appear unlikely to survive a Rule 12(b)(6) motion, as well, and as such are futile.  As to proposed Count III—Intentional Infliction of Emotional Distress as to Defendant Hall—Plaintiff fails to state a claim upon which relief may be granted.  In order to succeed on such a claim under Virginia law, a plaintiff must show four elements of proof: (1) the conduct was intentional or reckless; (2) the conduct was "outrageous or intolerable;" (3) there was a casual connection between the conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe.  *SuperValu, Inc. v. Johnson*, 276 Va. 356, 370 (2008); *Almy v. Grisham*, 273 Va. 68 (2007); *Young v. Wilson*, 2026 U.S. Dist. LEXIS 147023, *10 (E.D. Va. 2026) (quoting *Almy*).  "[O]nly where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" can a claim survive.  *Young*, 2026 U.S. Dist. LEXIS at *10 (quoting *Russo v. White*, 241 Va. 23, 27 (1991)).  This is an exacting standard—as noted by the Virginia Supreme Court in *Russo v. White*, even if a defendant intended to inflict emotional distress, and acted in a fashion that could support an award of punitive damages for another tort, the conduct must be utterly intolerable. 241 Va. 23, 27 (1991).

The proposed FAC falls well short of that standard.  Again, this is about Plaintiff sending subpoenas to NCMEC, and NCMEC responding without waiting to be formally served.  It cannot be said that NCMEC responding to those subpoenas, using the exact language specified by Plaintiff, is "outrageous," "extreme," goes "beyond all possible bounds of decency," or is

4

"utterly intolerable in a civilized community," notwithstanding Plaintiff's conclusory assertions to the contrary.

As to proposed Count IV—"Conspiracy to Deter a Party and Witness, by Intimidation, From Attending and Testifying in Courts of the United States—42 U.S.C. § 1985(2)," Plaintiff alleges that Defendant Hall and Meta Platforms, Inc. "reached an understanding that Hall would issue correspondence asserting the existence of CyberTipline reports associated with one or more of Plaintiff's identifiers before service of the intended subpoenas and while motions directed at the same discovery remained pending.  This allegation rests on the coordinated, case-specific sequence pleaded… below…"  Proposed FAC at ¶ 118.  These allegations are entirely conclusory, "upon information and belief," and the numbered proof of the "understanding" is flatly nonsensical.  For example, Plaintiff seizes on the fact that NCMEC did not wait for formal service as proof of the apparent conspiracy.  Proposed FAC at ¶¶ 123, 125. Plaintiff also points to the fact that the allegedly-defamatory letters omitted reporting provider, report dates, disposition, *etc.  Id.* at ¶ 126.  Again, Plaintiff's subpoenas instructed that the responses were not to include **"any material beyond what is necessary to show the existence or nonexistence of a CyberTipline report, referral, or submission**."  It is utterly implausible to build proof of a conspiracy upon a subpoena recipient following, to a "t," the instructions in the subpoenas. These conclusory and nonsensical allegations—and the tortured inference drawn from them—are not entitled to the presumption of truth, and without which, the claim would fail.

While the existence of this supposed agreement fails, so too does the "purpose of the agreement," which is itself a conclusory allegation—that NCMEC responded to the subpoenas "to deter Plaintiff, by intimidation, from continuing to attend [the other lawsuits] … and from testifying freely, fully, and truthfully … in those pending federal proceedings."  Proposed FAC at

¶ 211.  This proposed Count (as well as proposed Count III) is a "threadbare recital of the elements of a cause of action, supported by mere conclusory statements," and cannot state a claim upon which relief may be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim for relief under 42 U.S.C. § 1985(2) requires a plaintiff to "plausibly allege an agreement or 'meeting of minds' among the alleged conspirators."  *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).  Plaintiff's proposed FAC falls well short of that threshold, and would not survive a motion to dismiss, as both the existence of, and alleged aim of, the conspiracy are entirely predicated on nonsensical conclusory allegations.  In the Fourth Circuit, "allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed" under 42 U.S.C. § 1985.  *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016); *A Society Without a Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011).

B.  *There is No Basis to Include the Proposed New Defendants in this Matter.*

Finally, Plaintiff's proposed FAC seeks to add Meta Platforms, Inc. and six John or Jane Doe defendants. For reasons unclear—and despite the fact that Defendant Hall is and was an employee of the National Center for Missing and Exploited Children, who was clearly acting in the course and scope of her employment in responding to the subpoenas—Plaintiff seeks to drop the National Center for Missing and Exploited Children, add persons who allegedly communicated and conspired with Defendant Hall, and add Meta Platforms, Inc. as a defendant under the 42 U.S.C. § 1985(2) claim.

As to the exclusion of the National Center for Missing and Exploited Children, its removal from the lawsuit would have no effect on the pending motion to dismiss, or viability of Plaintiff's claims.  Defendant Hall was working within the course and scope of her employment, and is entitled to the same defenses as the National Center for Missing and Exploited Children.

6

To the extent Plaintiff believes that singling out Ms. Hall will exert pressure on NCMEC, he is mistaken.

Further, under Rule 20, multiple defendants can be joined in one action only if any right to relief is asserted against them "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Absent Plaintiff's conclusory and imaginary conspiracy—whereby NCMEC responded to subpoenas, precisely as requested, supposedly in order to further a common scheme to intimidate Plaintiff out of testifying—there is no transaction, occurrence, or series thereof common to all defendants. (To wit, there would be no claim asserted as to John or Jane Does, or Meta Platforms, Inc.)

IV.     CONCLUSION

In light of the foregoing, NCMEC respectfully submits that Plaintiffs' Motion for Leave to File an Amended Complaint should be denied as futile. The new allegations, and new counts, in the proposed FAC are conclusory, lacking factual support, and those counts fail to state a claim upon which relief may be granted. Further, the only basis by which there is any common transaction, occurrence, or series thereof would be if Plaintiff were to plausibly assert the existence of a conspiracy under 42 U.S.C. § 1985(2), which the proposed FAC fails to do. As such, NCMEC respectfully requests that Plaintiff's Motion for Leave be denied, and that this matter proceed to the hearing set for August 7, 2026 on NCMEC's Motion to Dismiss.

Respectfully submitted,

JORDAN COYNE LLP

 /s/ *Padraic K. Keane*
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
(703) 246-0900
Fax: (703) 591-3673
p.keane@jocs-law.com
*Counsel for Defendants The National Center*
*For Missing and Exploited Children and*
*Katie Hall*

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of this Opposition were electronically filed and served, and were served via first-class mail, postage prepaid, and electronic mail, on this 29th day of July, 2026, upon:

Marvelle J. Ballentine
1520 Belle View Boulevard, Suite 5847
Alexandria, VA 22307
jayballentine@protonmail.com
*Pro Se Plaintiff*

 /s/ *Padraic K. Keane*
Padraic K. Keane

8